UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00047-HBB

JEFFREY WOODS,
AS ADMINISTRATOR OF
THE ESTATE OF MICHAEL WOODS     PLAINTIFF

VS.

WILLIAM D. CORNWELL, *et al.*     DEFENDANTS

MEMORANDUM OPINION
AND ORDER

Before the Court is the Plaintiff's motion to file a second amended complaint, DN 24. The Defendants have responded in opposition at DN 26 and Plaintiff has replied at DN 27.

Nature of the Case

Plaintiff's complaint, originally filed in state court, alleges that Plaintiff's decedent Michael Woods was operating a motor vehicle involved in a collision with another vehicle operated by Defendant William D. Cornwell, III and owned by Defendant Advanced Drainage Systems, Inc. ("ADS"). Plaintiff further alleges that ADS was Cornwell's employer. Plaintiff contends that Michael Woods died as a result of injuries sustained in the collision. Plaintiff's causes of action in the complaint sounded in negligence and *respondeat superior* (DN 1-2).

After the deadline for amendment of pleadings passed, Plaintiff moved for leave to amend the complaint to add claims related to ADS's negligent training, supervision and retention of Cornwell. The Court permitted the amendment (DN 20).

## Plaintiff's Motion

Plaintiff seeks to add a claim for punitive damages against ADS for gross negligence in the training and retention of Cornwell. Plaintiff states that on February 13, 2019 he received over 1,000 pages of discovery from ADS regarding the monthly and quarterly training of Cornwell, as well as ADS's training practices. Plaintiff states that "after reviewing the materials and consulting with potential expert witnesses, the cumulative effect of these records, Defendant Cornwell's driving history, and the deposition testimony of ADS employee Ed Wilson, results in what Plaintiff believes to be grossly negligent conduct warranting a punitive damages award against Defendant ADS" (DN 24, p. 1). As to the delay in seeking to amend the complaint well after the deadline for doing so, Plaintiff contends that the February-produced documents should have been included in Defendants' original response to discovery requests which Plaintiff propounded at the time he filed his complaint.

## The Defendants' Response

Defendants oppose the Plaintiff's motions on two grounds. One argument is that the Plaintiff has failed to demonstrate good cause for a second extension of the deadline for amending pleadings. Defendants contend that Plaintiff has failed to explain how the most recent batch of documents produced on February 13, 2019 provided information giving rise to a previously unknown basis upon which to seek punitive damages.

Defendants also argue that they will be prejudiced because relatively little time remains for discovery. Up to this point, they contend that Plaintiff's damages were relatively straightforward and subject to a liquidation calculation. The injection of a claim for punitive damages, however, will necessitate additional discovery.

Plaintiff's Reply

Plaintiff replies that the delay in seeking modification was due to the time necessary to review and seek consultation before determining that a punitive damages claim might be supported. As to Defendants' concern about the time remaining for discovery, Plaintiff notes that the Defendants have to date taken no depositions. Plaintiff further questions what discovery would be necessary regarding the defense of a punitive damages claim other than discovery from Plaintiff's experts.

Discussion

The law is well settled, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir.2003) (*citing* Sosa v. Airprint Sys., Inc. 133 F.3d 1417, 1419 (1998)). The Sixth Circuit has indicated "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted); *see also*, Leary at 906 (A court "may modify a scheduling order for good cause only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension."). "Another relevant consideration is possible prejudice to the party opposing the modification." Inge, 281 F.3d at 625 (citation omitted). The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 479 (6th Cir. 2014). Thus, the movant who fails to show "good cause" will not be accorded relief under Rule 16(b)(4) merely because

the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging Co. v. Century Indemnity Co., 291 F.R.D. 139, 145(M.D. Tenn. 2013) (*citing* Leary at 906, 909; Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443,449 (6th Cir. 2010)).

Here, Plaintiff has demonstrated that he lacked the documents upon which he relies for the assertion of a punitive damages claim prior to the expiration of the deadline for amending pleadings. Plaintiff had submitted document requests to the Defendant which should have elicited production of the documents at the outset of the case.

As to Defendants' claim of prejudice, they have not identified what discovery they must undertake to meet Plaintiff's punitive damages claim that they would not have undertaken in the absence of the claim. Should Defendants desire an extension of the deadline for discovery, they should file a motion articulating a reason and specifying what additional discovery specifically related to the new claim is contemplated.

Wherefore, Plaintiff's motion to file a second amended complaint, DN 24, is **GRANTED** and the amended complaint tendered at DN 24-1 is deemed filed of record.

                                                            *H. Brent Brennenstuhl*
                                                      **H. Brent Brennenstuhl**
                                                **United States Magistrate Judge**

                                                                April 1, 2019

Copies: Counsel